JUSTICE LEAPHART,
dissenting.
I dissent from the Court’s dismissal of this appeal.
I would remand the case to the District Court for consideration of appellant’s contention that 20 years on death row constitutes cruel and unusual punishment under the 8th Amendment to the United States Constitution and Article II, Section 22 of the Montana Constitution. This is an issue which at least two of the Justices on the United States Supreme Court recently indicated would “benefit from further study” by the lower state and federal courts. Lackey v. Texas,_U.S. _, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995) (Justices Stevens and Breyer). While noting that such a claim is “novel,” the two Justices commented that it is “not without foundation.” They also noted that:
Though the importance and novelty of the question presented by this certiorari petition are sufficient to warrant review by this Court, those factors also provide a principled basis for postponing consideration of the issue until after it has been addressed by other courts. [Emphasis added.]
*40 The Lackey case involves a defendant who has been on death row for 17 years. Justices Stevens and Breyer suggest that, before the Court can properly determine the merits of this argument, the lower courts must first make a determination as to how much of that 17-year time period is attributable to petitioner’s abuse of the judicial system through repetitive, frivolous filings and how much, if any, is attributable to prosecutorial or institutional delay. McKenzie, as of this date, has been under a death sentence since 1975 — some 20 years. During the course of that 20-year period, McKenzie has pursued numerous appeals and petitions before this Court, the Ninth Circuit Court of Appeals and the United States Supreme Court. At this juncture, we have no findings by the trial court as to which of these various filings were frivolous and which were meritorious. If it is assumed, arguendo, that Lackey may have an argument based upon his 17-year wait on death row, McKenzie has the potential for an even stronger argument. That argument, however, cannot be adequately addressed until the trial court makes some determinations as to which of McKenzie’s numerous filings were a legitimate exercise of the right of appeal and which constitute frivolous filings. Obviously the Court cannot allow a defendant to bootstrap himself into a cruel and unusual punishment argument by abusing the system to his advantage through the repetitive filing of meritless appeals and petitions.
While I do not necessarily agree that there is any merit to McKenzie’s argument, it is apparent to me that consideration of the issue by the United States Supreme Court has presently been “postponed” only, and it is merely a matter of time before the federal courts are going to start subjecting deathpenalty cases to the analysis suggested by Justices Stevens and Breyer in the Lackey case. Accordingly, I would prefer that this issue be dealt with at the earliest possible date rather than waiting for a remand from the federal courts two years down the road — at which time McKenzie will be in a position to argue an additional two years of delay.
The Court has taken the position that the substantive issues raised by McKenzie’s “Objection to Request for Execution Date” (including the cruel and unusual punishment claim), are not proper issues for appeal in the present context since the only issue legitimately before the trial court was the request for a setting of a date and time for execution — a purely ministerial (nonsubstantive) act. Technically this may be correct. However, given that this is a death penalty case and the condemned man is purporting to raise constitutional issues— *41 we should look to the substance rather than the “technical” form of his pleading. For example, in State v. Perry (1988), 232 Mont. 455, 758 P.2d 268, Perry, who had been convicted of second-degree murder some 17 years earlier in 1971, moved for a new trial based upon the alleged recantation of an accomplice. The State contended that Perry’s only means of redress was a petition for post-conviction review and that the statutory time limit on such petitions had expired as of 1978. This Court declined to adopt the State’s position.
Whereas Perry’s motion for a new trial cannot technically be denoted a petition for habeas corpus, nor do we treat it as such, the claim nevertheless sounds in the nature of a petition for habeas corpus.
Perry, 758 P.2d at 273.
Despite the incorrect form of the “motion” pleading, the Court addressed the substance of the motion and concluded that Perry had failed to prove that he was the victim of an unlawful conviction. Perry, 758 P.2d at 276.
McKenzie, like Perry, is well beyond the 5-year statutory deadline for filing petitions for post-conviction review. Section 46-21-102, MCA. However, the argument as to whether a lengthy delay before actual implementation of the death sentence constitutes cruel and unusual punishment is a constitutional argument which, by its very nature, cannot be raised until the passage of a significant period of time.
In dismissing this appeal, the courts of the State of Montana are sending this matter on to the federal courts without having addressed this constitutional issue. I fear that we will have to address it at some future point and that it will become all the more thorny for the delay.